(50 South. 435.)

No. 17,785.

CORBITT et al. v. HANSON et al.

In re LAW

(Aug. 7, 1909. Rehearing Denied Oct. 18, 1909.)

1. APPEAL AND ERROR (§ 1206*)—REMAND—ENFORCEMENT OF JUDGMENT—EFFECT OF DEVOLUTIVE APPEAL.

In an action between C., L., and J., a fund was deposited in court, and judgment went for L. for the whole sum, and C. appealed, but J. did not. On the appeal the judgment was affirmed as to J. and reversed as to C., and one-half the fund was given to L. and the other to C. The original judgment, from which J. did not appeal, became final within the legal delay, and thereafter J. prosecuted a devolutive appeal from the original judgment. The trial judge, because of the pending appeal, refused to give L. his half of the fund, and L. brought mandamus. Held that, as the devolutive appeal could not affect the judgment appealed from, it could not affect L.'s rights to the fund as decreed by the amended judgment of the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1206.*]

2. APPEAL AND ERROR (§ 1206*)—REMAND—ENFORCEMENT OF JUDGMENT — PROCEEDING BY RULE.

A contention that L. should proceed by rule against J. and the depository, which refused to pay L. unless the judgment made an order therefor, was without merit, because L. had already a final judgment against J. for the fund, and the bank, in paying, would be protected by the order of court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1206.*]

Action by D. E. Corbitt and others against Rasmus Hanson, O. B. Law, and others. Judgment rendered for defendants was affirmed in part, and in other respects set aside and rendered for plaintiffs. Defendant Law applies for mandamus to enforce the judgment in his favor. Mandamus granted.

A. A. Gunby, for relator. Respondent Judge, pro se.

LAND, J. Relator has invoked the writ of mandamus to compel the judge of the Sixth judicial district court and the clerk of said court to comply with the final judgment of the Supreme Court rendered in the suit of D. E. Corbitt et al. v. Rasmus Hanson et al. (No. 17,436) 49 South. 995,[1] and reading as follows:

"The judgment is affirmed, in so far as it rejects the demand of Morris Jouvenat, with costs, and discharges the defendants, E. T. Lamkin, R. Hanson, trustee, and the Monroe Lumber Company. In all other respects it is set aside. And it is now ordered, adjudged, and decreed that the sum of $6,166.67 deposited in the registry of the court below be paid, one-half to the plaintiff D. E. Corbitt, and the remainder to the defendant O. B. Law, and that the said defendant Law pay the costs incurred by the said plaintiff Corbitt in the district court, and also costs of appeal. And with this amendment the applications for rehearing are refused."

It is alleged by relator, and is not denied by the respondent judge, that on the 9th of July, 1909, the respondent judge and clerk executed the decree of the Supreme Court in favor of Corbitt by giving him a check on the bank for one-half of the amount deposited in the registry of the court to the credit of the said suit. It is further alleged, and not denied, that the clerk of the district court was willing to sign an order in favor of the relator for the remaining half of said fund, but would not do so without the consent of the judge, who refused to sign an order in favor of the relator, and the bank refused to pay any part of said money without the order of the judge.

It appears that, after the judgment of the Supreme Court became final, Jouvenat took a devolutive appeal from the original judgment rendered in the district court, returnable to the Supreme Court on the 4th day of September, A. D. 1909.

Our learned Brother below represents that the money was deposited subject to a final decree in the suit, and seems to apprehend

_____

[1] Ante, p. 108.

that he might incur some personal liability by executing the judgment of the Supreme Court pending the belated appeal taken by Jouvenat.

The judgment of the district court awarded the whole fund to Law, and Jouvenat did not prosecute his appeal from the judgment in favor of Law, and could not avail himself of the appeal of Corbitt. Hence, as between Law and Jouvenat, the judgment became final and executory within the legal delay. The Supreme Court could not disturb the judgment as between Law and Jouvenat, and so declared. The practical result of the decree of the Supreme Court was to reverse as to Corbitt and to leave the judgment in full force and effect as to Jouvenat. Law has an unquestionable right to execute his judgment against Jouvenat, and the devolutive appeal taken by the latter cannot stay such execution. The fund is in the registry of the court, an executory decree has been rendered in favor of Law, and it is the mandatory duty of the judge and the clerk to pay out the fund as ordered by this court in the final judgment rendered in the case. It is too late to question our decree as to form or substance. Whether Jouvenat can maintain his appeal from the original judgment need not now be considered, because at most the appeal is devolutive, and presents no obstacle to the execution of the judgment below as amended by the Supreme Court.

The suggestion of the respondent judge that Law should proceed by rule against Jouvenat and the bank is without merit, because Law has already a final judgment against Jouvenat for the fund, and the bank, in paying, will be protected by the order of the court.

It is therefore ordered that peremptory writs of mandamus issue as prayed for by relator, and that the respondents pay the costs of this proceeding.